**LANE**

v.

**SINGER SEWING MACHINE CO.**

No. 9031.

United States District Court
W. D. Missouri, W. D.
Aug. 5, 1954.

that they show that the attorney accompanied the constable, who was armed with a valid writ of replevin for the sewing machine, to the plaintiff's home to witness the execution of the writ and to receive delivery of the machine, and that plaintiff, having possession of the machine, refused to disclose its location in her home, and that the constable then enlisted the aid of the attorney, or that the attorney "volunteered", to assist the constable in a search of plaintiff's home for the machine, during which search the attorney is alleged to have "shoved" plaintiff "on her left arm" (but not causing her to fall or to strike anything), causing the injuries sued for, and defendant says that these circumstances establish that the attorney, at the particular time of the alleged assault, was the agent of the constable, and not of the defendant, under the Missouri case of Healy v. Wrought Iron Range Company, 161 Mo.App. 483, 143 S.W. 549, 550, and, hence, that defendant is not liable to the plaintiff as a matter of law.

The Healy case is very close in point of fact to the circumstances here, and it holds that a plaintiff, in a replevin suit for a cook stove, which, in compliance with the request of the constable, armed with a replevin writ, sent two Negroes with a team and wagon to meet the constable at the home of the defendant and "to get the stove", and who, after arriving, were requested by the constable to enter the house and dismantle the stove and undertook to do so, and in the course of doing so one of them assaulted the defendant in the replevin suit, was not liable to the assaulted person in her subsequent suit for damage for assault and battery upon the ground that the colored men, though in the general employ of the repleviner, had temporarily left that employ and were assisting the constable, at his direction, at the time of the alleged assault, and were at the time, therefore, agents of the constable, not the repleviner.

But defendant here does not quite bring itself within that case, because it does not show, at least not in any con-

Donald F. Price, Kansas City, Mo., for plaintiff.

Davis, Thompson, Van Dyke & Fairchild, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

Defendant's motion for summary judgment, under Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A., is the matter now before me for decision.

This is an action for bodily injuries claimed, by the plaintiff, to have been sustained by assault and battery committed upon her by an attorney for the defendant while at plaintiff's home in Kansas City, accompanying a constable armed with a replevin writ issued by a magistrate for a sewing machine. The action is for $3,000 actual and $6,000 punitive damages.

Plaintiff's deposition has been taken, and it, and a transcript of the replevin proceeding in the magistrate court, and an affidavit by defendant's attorney, are made the basis of the motion for summary judgment by defendant, which claims

clusive or satisfactory way, that the constable *requested the assistance of the attorney in searching the house for the sewing machine, or directed and controlled his activities in that respect,* out of which the alleged assault is claimed to have arisen, and, therefore, I cannot, on the material now before me, say, as the Kansas City Court of Appeals was able to, and did, say in the Healy case, "At any rate, he (the constable) told the negroes (the attorney) what to do and 'superintended the work' on the stove 'as they were taking it down (searching for it)' ", out of which the assault and battery arose.

For these reasons I believe defendant's motion for summary judgment must be denied.

It is, therefore, ordered and adjudged by the Court that defendant's motion for summary judgment be, and it is hereby, denied.